STATE of Missouri, Respondent,

v.

Gary J. HIRES, Appellant.

No. WD 30897.

Missouri Court of Appeals,
Western District.

Aug. 4, 1980.

Cenobio Lozano, Jr., Harrisonville, for appellant.

John Ashcroft, Atty. Gen., Earl W. Brown, III, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

SHANGLER, Judge.

The defendant was convicted for forcible rape [§ 559.260] and was sentenced to a term of imprisonment for five years. The defendant was delivered for trial under a writ of habeas corpus ad prosequendum to a Texas federal prison where he was in service of sentence. The sentence for rape was made to run consecutively to the Texas conviction in service with the Federal Bureau of Prisons in Texas whither the defendant was returned. After judgment, for the first time, the defendant contended right to release for failure of the State to assert a detainer against the defendant and thus commence the process of prosecution.

■ The defendant asserts the right to release under the 180 days provision of § 545.780, RSMo 1978, the terms of court §§ 545.890 to 545.920 and on the constitutional principle of speedy trial. The contentions were raised for the first time *after* trial and conviction. That lapse resulted in waiver of the two statutory grounds for dismissal and release.[1] There remains only the contention for release from infringement of the constitutional right to a speedy trial. The defendant invokes the Sixth Amendment guarantee that "the accused shall enjoy the right to a speedy and public trial" for release from official custody. That right, he says, was infringed by the lapse of some twenty-six months between arrest and trial. The prosecution responds that the defendant made no initiative for trial, and absent demand or show of prejudice an accused waives the constitutional claim of right under the Sixth Amendment. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), in delineation of the speedy trial principle, rejected both—an exact quantity of time and a presumed waiver by failure to make demand—as conclusive indicia. The requirement that the State offer trial within a time limitation, the Court concluded [l. c. 523, 92 S.Ct. 2188], was a matter for legislatures—within constitutional standards. A demand for trial by the accused to avoid a presumptive waiver of right, the Court concluded [l. c. 524, 92 S.Ct. 2188], was inconsistent with the fundamental nature of the right. Instead, the Court promulgated [l. c. 530, 92 S.Ct. 2192] a formula weighted among factors of length of delay, reason for delay, assertion of right by the accused, and prejudice to the accused—among the total circumstances. *State v. Howell*, 581 S.W.2d 461, 462[2] (Mo. App. 1979). Whatever validity the rule of prior demand may have as a precondition for remedy under the terms of court statutes [*State v. Harper*, 473 S.W.2d 419, 421[3] (Mo. banc 1971)], a waiver of the constitutional right to a speedy trial cannot be assumed from that want of initiative by an accused. Rather, on a record otherwise silent, a court must indulge every reasonable presumption against waiver. *Barker v. Wingo*, supra, 407 U.S. l. c. 526, 92 S.Ct. 2190.

■ The right to a speedy trial, as any other constitutional right, however, can be waived by an intentional relinquishment or abandonment. *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). The defendant here made no claim to a speedy trial until *after* conviction. The postulates of waiver in *Barker v. Wingo*, supra, do not apply. That case deals with a *presumed* waiver of a right still open to

---

1. Section 545.780.5:

"Failure of the defendant to move for dismissal *prior to trial* shall constitute a waiver of the right to dismissal under this section."

The same principle of waiver applies to a claim for dismissal under the terms of court statutes. *Osborne v. Owsley*, 257 S.W.2d 691, 693[2, 3] (Mo.App. 1953).

exercise—that is, a claim of prejudice to the ability to defend against the charges by the lapse of time since arrest. This case deals with an *accomplished* waiver of a right no longer open to exercise, since the defendant already submitted to trial and made his defense.

The right to speedy trial protects among other interests, a defendant against the possibility of an impaired defense. A show of actual prejudice from delay, as by loss of witnesses or inability to recall events, weighs most cogently to prove a claim for release. *Barker v. Wingo*, supra, 407 U.S. l. c. 532, 92 S.Ct. 2193; *United States v. Netterville*, 553 F.2d 903, 915[20] (5th Cir. 1977). A defendant who submits to trial without complaint, however, makes a deliberate judgment that the delay has not marred the ability to defend. Thus, a contention of prejudice by motion to dismiss *after* trial contradicts a choice already made and comes too late. *United States v. Rucker*, 586 F.2d 899, 907[17] (2d Cir. 1978). The federal Speedy Trial Act, 18 U.S.C.A. § 3161 et seq., which enacts the *Barker v. Wingo* desideratum, provides [§ 3162(a)(2)]:

> Failure of the defendant to move for dismissal prior to trial . . . shall constitute a waiver of the right to dismissal under this section.[2]

The condition that a defendant raise a contention of constitutional right at a given state of the criminal process in order to preserve the efficacy of that right is necessary for fairness and regularity of procedure. Thus, a confession already in evidence without objection is no longer vulnerable to a contention of involuntariness. *State v. Jackson*, 448 S.W.2d 895, 896[1] (Mo. 1970). Nor may a defendant who does not object to evidence taken under an unlawful search or seizure complain of prejudice from the conviction. *State v. Dayton*, 535 S.W.2d 469, 475[1–5] (Mo.App. 1976). These incidences merely demonstrate the principle that a State may impose procedures compatible with a local interest and

not incompatible with constitutional standards to give effect to such rights. *Henry v. Mississippi*, 379 U.S. 443, 448[6, 7], 85 S.Ct. 564, 567, 13 L.Ed.2d 408 (1965); *Barker v. Wingo*, supra, 407 U.S. 1. c. 523, 92 S.Ct. 2188. In this case, the neglect of the defendant to move for dismissal until *after* conviction both denies the State opportunity to dispel the contention of constitutional infringement and the defendant the preservation of the point for appeal. The motion *after* conviction posed the claim of denial of speedy trial for the first time. That violated the rule of procedure that a constitutional issue must be raised at the earliest time and asserted throughout the trial to be preserved for review. *State v. Holt*, 559 S.W.2d 44, 46[5, 6] (Mo.App. 1977). Then, after trial, other procedure requires the contention be maintained for review in the motion for new trial.

In this case, the defendant staked all redress on the motion to dismiss for want of a speedy trial. In open court, the defendant waived the motion for new trial. The record shows that decision, by any measure, was an informed and voluntary relinquishment of right. The defendant does not attempt to renounce that abandonment, but assumes that the order to deny the motion to dismiss affords a procedure for review of that contention. That adjudication, however, was interlocutory only and does not constitute a final order for purposes of appeal. *Osborne v. Owsley*, supra, l. c. 693[2, 3]. The neglect of the defendant to raise the speedy trial contention by motion *before* trial and then to preserve the claim for review by the regular procedures leaves him without grounds for appeal.

The appeal is dismissed.

All concur.

---

**2.** Missouri § 545.780.5, which also reflects *Barker v. Wingo* concern, contains an identical provision. [See note 1]