THE STATE OF OHIO, APPELLEE, *v.*
BARNES, APPELLANT.

(No. 1346—Decided March 9, 1984.)

Mr. *Kenneth N. Bailey,* for appellee.
Mr. *Carmen V. Roberto,* for appellant.

FORD, J. This is an appeal from a decision of the Portage County Common Pleas Court which denied the petitioner-appellant's motion for a writ of habeas corpus and discharge of detainer. Respondent-appellee is the state of Ohio.

The appellant, Tyrone Barnes, was indicted for armed robbery under former R.C. 2901.13. On December 15, 1975, his guilty plea was accepted by the court and the case was referred to the adult probation department. The appellant failed to appear before the probation department and a warrant was issued for his arrest on July 14, 1976.

On November 3, 1978, a Colorado court convicted the appellant on three counts of aggravated robbery; he was given concurrent sentences of ten to fifteen years on the first two counts and a concurrent seven-year sentence on the third count. (Case No. 24658, Division 6, of the County of El Paso, Colorado.)

Earlier that year, on July 25, 1978, the Governor of Colorado issued a detainer to hold the appellant at the state of Ohio's request. On February 2, 1979, the Portage County Prosecutor's Office notified the Superintendent of the Colorado State Penitentiary that agents would arrive in Colorado the week of October 19, 1979, to return the appellant to Ohio for his probation hearing. The Ohio agents never picked up the appellant. On November 13, 1980, the Portage County Prosecutor's Office wrote another letter to the Superintendent of the Colorado State Penitentiary requesting that they be notified of the appellant's release date so that he could be returned to Ohio for sentencing.

On August 15, 1981, the defendant filed a "motion for petition of habeas corpus and discharge of detainer" requesting that the state's detainer be discharged and that the instant conviction be dismissed. The motion contained documents to support the aforementioned facts and stated as grounds for dismissal that the state of Ohio failed to comply with the interstate agreement on detainers, R.C. 2963.30. The state moved for dismissal. The appellant and state both filed memoranda in support, and on May 25, 1982, the court denied the appellant's motion.

On January 4, 1983, the appellant filed a motion for hearing on his requested writ of habeas corpus. The appellant was arrested in Colorado and returned to this jurisdiction on January 20, 1983. On March 10, 1983, a sentencing hearing was held. The appellant objected to the court's jurisdiction, was overruled, and given three to fifteen years' concurrent sentences on both of his robbery convictions.

The appellant presents one assignment of error:

"The trial court erred to the prejudice of defendant-appellant in overruling his petition for a writ of habeas corpus and in overruling his objection to the trial court's jurisdiction to sentence him."

The appellant's assigned error is without merit.

The basic ground of the appellant's argument is that the trial court was without jurisdiction to sentence him because the state failed to bring him back to Ohio for sentencing within the time limits imposed by the interstate agreement on detainers, R.C. 2963.30. The following are relevant portions of the interstate agreement contained in R.C. 2963.30:

### "Article I

"The party states find that charges outstanding against a prisoner, detainers based on untried indictments, informations or complaints, and difficulties in securing speedy trials of persons already incarcerated in other jurisdictions, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation. Accordingly, it is the policy of the party states and the purpose of this agreement to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints. * * *
"* * *

### "Article III

"(a) Whenever a person has entered upon a term of imprisonment * * * and * * * there is pending in any other party states any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: * * *
"* * *

### "Article IV

"(a) The appropriate officer of the jurisdiction in which an untried indictment, information or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer * * * made available in accordance with Article V(a) hereof upon presentation of a written request for temporary custody or availability to the appropriate authorities * * *.
"* * *

"(c) In respect of any proceeding made possible by this Article, trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state * * *.
"* * *

### "Article V

"(a) In response to a request made under Article III or Article IV hereof, the appropriate authority in a sending state shall offer to deliver temporary custody of such prisoner to the appropriate authority in the state where such indictment, information, or complaint is pending * * * in order that speedy and efficient prosecution may be had. * * *
"* * *

"(c) If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information or complaint * * * is not brought to trial within the period provided in Article III or Article IV hereof, the appropriate court of the jurisdiction * * * shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect. * * *"

The question here is whether R.C. 2963.30, the interstate agreement on detainers, is meant to apply to detainers placed on a prisoner who has already been convicted and needs only to be sentenced. The issue is one of first impression in this state. In cases where the

prisoners have absconded from the court's jurisdiction after conviction, courts have held that the interstate agreement does not apply to detainers issued for sentencing because of the agreement's repeated references to "untried" indictments, informations and complaints. See R.C. 2963.30, Articles I, III(a), IV(a); *People* v. *Randolph* (1976), 85 Misc. 2d 1022, 381 N.Y. Supp. 2d 192; *People* v. *Castoe* (1978), 86 Cal. App. 3d 484; 150 Cal. Rptr. 237; *Gaches* v. *Third Judicial District* (W.D. Okla. 1976), 416 F. Supp. 767. We agree with these holdings. The specific language of the statute shows that it is only meant to apply to "untried" indictments, informations or complaints. Here, once the appellant pled guilty, his case had been tried. Thus, the detainer placed upon him that sought to return him for sentencing was not subject to the rule provided in R.C. 2963.30.

The judgment of the trial court is therefore affirmed.

*Judgment affirmed.*

COOK, P.J., and DAHLING, J., concur.