STATE of Utah, Plaintiff and Appellee,

v.

Rogelio Limonta LEYVA, Defendant and Appellant.

No. 940684–CA.

Court of Appeals of Utah.

Nov. 22, 1995.

Ronald S. Fujino, Salt Lake Legal Defender Ass'n, Salt Lake City, for Appellant.

Joanne Slotnik, Assistant Attorney General, and Jan Graham, State Attorney General, Salt Lake City, for Appellee.

Before ORME, P.J., DAVIS, Associate P.J., and GREENWOOD, J. (Law & Motion).

PER CURIAM:

Defendant challenges the trial court's order denying his motion to vacate sentence, claiming the trial court had no jurisdiction over his case due to its order continuing sentencing without date and the State's failure to file a detainer. Defendant also asserts he was denied his right to a speedy trial. We affirm.

On July 27, 1989, defendant was convicted of three counts of unlawful distribution of a controlled substance. Sentencing was scheduled for August of 1989, and defendant was

released on bond. Defendant's sentencing was continued five times. The first and second continuances were due to defendant's failure to keep his appointments with Adult Probation and Parole (AP & P). The third continuance was pursuant to defendant's motion. The fourth continuance was due to defendant's failure to appear, and the fifth continuance was because defendant failed to keep his appointment with AP & P. In January of 1990, the court learned that defendant had left Utah, been arrested in California for possession and transportation of controlled substances, and was incarcerated in California. The court continued sentencing without date and issued a bench warrant.

In 1992, defendant was released from custody in California and incarcerated by the United States Immigration and Naturalization Service (INS) pending a decision on deportation. In 1993, Utah placed a detainer on defendant under the Interstate Agreement on Detainers (IAD). In 1994, INS released defendant from prison upon successful completion of a drug rehabilitation program and transferred defendant to Utah for sentencing on the 1989 charges. The Utah court sentenced defendant to one to fifteen years in prison and stayed the sentence pending a thirty-six month probationary period. Defendant did not object to the court's jurisdiction and did not raise a speedy trial issue.

Several months after sentencing and during defendant's probation, defendant was arrested on several charges, including possession of cocaine. At a probation revocation hearing, defendant moved to vacate his sentence, claiming the delay between conviction and sentencing divested the court of jurisdiction. The court denied the motion, revoked defendant's probation, and reinstated the original sentence. Defendant filed this appeal.

■ Defendant first asserts that under *In re Flint*, 25 Utah 338, 71 P. 531 (1903), the trial court had no jurisdiction over his case due to its order continuing sentencing without date. In *Flint*, defendant appeared for sentencing. The court suspended the sentence indefinitely and discharged the defendant from custody. One month later, the

court ordered defendant to appear for sentencing. The Utah Supreme Court held that the court could not indefinitely suspend sentence, keep defendant in suspense, and have him rearrested after he had been discharged from custody. *Id.* at 531–32, 71 P. 531.

However, in *State v. Saxton*, 30 Utah 2d 456, 519 P.2d 1340 (Utah 1974), the court distinguished *Flint* and held that where a defendant fails to appear for a sentencing hearing, the court does not lose jurisdiction because defendant's sentencing is indefinitely postponed. *Id.*, 519 P.2d at 1341. In *Saxton*, defendant was convicted and failed to appear at the sentencing hearing. One year later, the prosecutor learned that defendant was incarcerated in California. Upon defendant's release from California, defendant was sentenced in Utah. The court stated, "defendant certainly cannot absent himself and prevent the imposition of sentence until after that time has expired, and then take advantage of his own wrong by insisting that the court is without jurisdiction to impose the proper sentence." *Id.*, 519 P.2d at 1342.

In this case, unlike *Flint*, defendant was not discharged from custody and later rearrested. In addition, like *Saxton*, defendant's failure to appear for sentencing was due to his own actions including failing to report to AP & P, moving to continue sentencing, failing to appear for a sentencing hearing, and being incarcerated in California. As in *Saxton*, defendant cannot take advantage of his own failure to appear for sentencing and claim the Utah court is without jurisdiction due to the delay between his conviction and his sentence.

■ Defendant asserts that the trial court lacked jurisdiction to sentence him because Utah failed to comply with the IAD. The purpose of the IAD is to "encourage the expeditious and orderly disposition of [outstanding] charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints." Utah Code Ann. § 77–29–5 (1995). Under the IAD, whenever a person is imprisoned in a party state and whenever there is pending in another state an "untried indictment, information or complaint on the basis

of which a detainer has been lodged against the prisoner, he shall be brought to *trial* within 180 days" after he shall have caused notice to be delivered to the prosecuting officer's attention. *Id.* (emphasis added).

Defendant contends that "untried indictments, informations, or complaints" includes sentencing and that "trial" within the IAD should be interpreted to include sentencing just as "trial" within the Sixth Amendment has been held to include sentencing. Therefore, defendant argues, the Utah court lost jurisdiction due to the State's failure to respond to his 180–day notice.

Most courts have concluded that the IAD has no application to sentencing. *People v. Castoe,* 86 Cal.App.3d 484, 150 Cal.Rptr. 237, 238–40 (1978); *People v. Barnes,* 93 Mich. App. 509, 287 N.W.2d 282, 283–84 (1979); *State v. Sparks,* 104 N.M. 62, 716 P.2d 253, 255–57 (Ct.App.), *cert. denied,* 103 N.M. 798, 715 P.2d 71 (1986); *State v. Barnes,* 14 Ohio App.3d 351, 352–53, 471 N.E.2d 514, 516 (1984); *State v. Barefield,* 110 Wash.2d 728, 756 P.2d 731, 733–34 (1988) (en banc), *rev'g* 47 Wash.App. 444, 735 P.2d 1339, 1343–45 (1987); *see also, United States v. Coffman,* 905 F.2d 330, 333 (10th Cir.1990); *State v. Lewis,* 422 N.W.2d 768, 771–72 (Minn.Ct. App.1988). One court, however, has held that "trial" in the IAD encompasses sentencing. *Tinghitella v. California,* 718 F.2d 308, 311 (9th Cir.1983) (per curiam).

We agree with the majority view that the IAD has no application to sentencing. The United States Supreme Court has held that the IAD does not apply to probation revocation proceedings on the basis that probation revocation is a post-trial proceeding and the IAD applies only to "untried indictments, informations or complaints." *Carchman v. Nash,* 473 U.S. 716, 725, 105 S.Ct. 3401, 3406, 87 L.Ed.2d 516 (1985). In addition, legislative history indicates that Congress intended the IAD to apply to detainers involving "criminal charges." *Id.* at 729, 105 S.Ct. at 3408. We therefore conclude that the IAD does not apply to sentencing. Accordingly, we reject defendant's claim that the trial court lacked jurisdiction to sentence defendant.

Finally, defendant claims the delay between conviction and sentencing violated his right to a speedy trial. Sentencing is included in the right to a speedy trial. *State v. Banks,* 720 P.2d 1380, 1385 (Utah 1986). In reviewing whether a defendant's right to a speedy trial was violated, we examine four factors: 1) the length of the delay; 2) the reason for the delay; 3) whether the defendant asserted his right to a speedy trial; and 4) whether defendant was prejudiced as a result. *Id.*

In this case, clearly the four-year delay is sufficiently long to raise concern. *Id.,* 720 P.2d at 1385–86. However, the delay was largely caused by defendant's failure to meet with AP & P, failure to appear for sentencing, and incarceration in California. Although defendant claims he raised his right to a speedy trial when he filed a 180–day disposition notice with the Utah prosecutor's office, defendant did not mention his right to a speedy trial during his sentencing hearing. Instead, defendant argued that his right to a speedy trial was violated during his probation revocation hearing. Finally, defendant claims he was prejudiced because he served "needless years of imprisonment in federal institutions." However, Utah did not cause defendant's years of imprisonment. Defendant was incarcerated in California due to his own actions. INS subsequently incarcerated him because he was a Cuban citizen in the United States on an alien status that allowed the federal government to hold him in federal prison. Further, the court sentenced defendant and placed him on probation, in part, due to the period of time he had been incarcerated in California and in the federal prison.

Because defendant was placed on probation in this case partly due to the length of time he was incarcerated elsewhere, defendant was not prejudiced by the delay in sentencing. Although the delay was lengthy, the initial cause of the delay was defendant's failure to meet with AP & P and failure to appear for sentencing. Further, defendant did not mention his right to a speedy trial during his sentencing hearing. Based on these factors, particularly the lack of preju-

dice, we conclude that defendant was not denied his right to a speedy trial.

Affirmed.