Craig R. LANCASTER, Appellant,

v.

Gene STUBBLEFIELD, and Paul
J. Morrison, Respondent.

No. 74064.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 8, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 18, 1999.

Application for Transfer Denied
March 23, 1999.

Richard L. Beaver, Jefferson City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for respondent.

LAWRENCE G. CRAHAN, Judge.

Craig R. Lancaster ("Inmate") appeals the entry of summary judgment in favor of Gene Stubblefield, the Superintendent of the Missouri Eastern Correctional Center ("Warden"), and Paul Morrison, District Attorney for Johnson County, Kansas ("Prosecutor"), in Inmate's declaratory judgment action seeking to have detainers lodged against him by Prosecutor declared unlawful. We affirm.

Inmate pleaded guilty to three counts of aggravated robbery in Kansas and was on bond pending a presentence investigation when he was arrested in Missouri for robbery. In exchange for Inmate's guilty pleas, Prosecutor promised to "take no position on the Court running the sentences concurrent[ly] or consecutive[ly] with the Missouri sentences . . . ." Inmate was sentenced to thirty years on the Missouri robbery counts and delivered to the Missouri Department of Corrections. He was unable to attend the sentencing in Kansas because he was in prison in Missouri. As a result, he was never sentenced for the three Kansas counts of aggravated robbery to which he had pleaded guilty.

While Inmate was imprisoned in Missouri, Prosecutor filed a detainer against Inmate with the Missouri Department of Corrections. Inmate requested disposition of all the Kansas charges and detainers outstanding against him and the detainer was withdrawn. However, a few years later Prosecutor lodged another detainer against him for the same Kansas charges. Inmate learned of the detainer two years after it was filed. Warden informed Inmate that upon completion of the Missouri sentences he will be sent back to Kansas for sentencing.

Inmate brought this action seeking a declaration that respondents' actions violate the Interstate Agreement on Detainers Act ("IAD") and the Missouri and United States Constitutions. He also sought an injunction to restrain respondents from further violations of the IAD. The trial court ruled that the IAD does not apply to a person who has already pleaded guilty and is merely awaiting sentencing and granted summary judgment to Warden and Prosecutor.

Inmate contends the trial court erred in concluding that the IAD does not apply in this case. The IAD, codified at section 217.490 RSMo.1994,[1] requires disposition of detainers within 180 days of a request for final disposition. Inmate argues that Prosecutor's refusal to bring him to trial within 180 days of his request for final disposition violates section 217.490, article III. We disagree.

The IAD is a congressionally sanctioned interstate compact subject to federal construction. *Carchman v. Nash*, 473 U.S. 716, 719, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985). It permits a prisoner in one jurisdiction to seek disposition of detainers filed against him by another jurisdiction. Section 219.490. The IAD "is designed to encourage the expeditious and orderly disposition of charges outstanding against a prisoner and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints." *United States v. Mauro*, 436 U.S. 340, 343, 98 S.Ct. 1834, 1839, 56 L.Ed.2d 329 (1978).

The trial court's ruling that the IAD does not apply to this case is supported by the majority of cases that have applied the

---

1. All further statutory references are to RSMo. 1994.

IAD. In this case, the detainers were lodged for the purpose of sentencing Inmate after he finishes serving his Missouri prison term; they are sentencing detainers. The detainers were filed because Inmate missed his sentencing date, after having already pleaded guilty to and been convicted of the Kansas charges. "Nearly all jurisdictions that have considered whether the IAD applies to sentencing detainers have concluded that it does not." *State v. Burkett*, 179 Ariz. 109, 876 P.2d 1144, 1146 (Ariz.App.1993). The following cases have held that the IAD does not apply to sentencing detainers: *Bogue v. Fennelly*, 705 So.2d 575 (Fla.App.1997); *State v. Grzelak*, 573 N.W.2d 538 (Wis.App.1997); *Moody v. Corsentino*, 843 P.2d 1355 (Colo. 1993); *State v. Barefield*, 110 Wash.2d 728, 756 P.2d 731, 733–34 (1988); *State v. Barnes*, 14 Ohio App.3d 351, 471 N.E.2d 514 (Ohio 1984); *State v. Leyva*, 906 P.2d 910 (Utah App.1995); *State v. Lewis*, 422 N.W.2d 768 (Minn.App.1988); *People v. Barnes*, 287 N.W.2d 282 (Mich.App.1979); *State v. Sparks*, 104 N.M. 62, 716 P.2d 253 (1986). A minority of cases have held that the IAD applies to sentencing detainers. *See Hall v. State*, 678 F.Supp. 858 (N.D.Fla.1987), *Juarez–Casares v. United States*, 496 F.2d 190 (5th Cir.1974) and *Tinghitella v. State*, 718 F.2d 308 (9th Cir.1983).

The reasoning followed by the majority of cases is more persuasive. Article III(1) of the IAD provides that a prisoner "shall be brought to *trial* within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of his place of imprisonment and his request for a final disposition to be made of the indictment, information or complaint...." Section 217.490 (emphasis added). Inmate cannot be brought to trial on these charges because he has already pleaded guilty to them and been convicted. All that remains is his sentencing. Having been convicted of a crime as a result of his guilty plea, there is no pending indictment, information or complaint sufficient to trigger the IAD.

■ Moreover, section 217.490 only applies to prisoners incarcerated in another jurisdiction who are subject to detainers originating in Missouri. *State ex rel. Suitor v. Stremel*, 968 S.W.2d 221, 1998 WL 213661 (Mo.App.1998), citing *State ex rel. Clark v. Long*, 870 S.W.2d 932, 936 (Mo.App.1994). *See also Dillard v. State*, 931 S.W.2d 157, 166 (Mo.App.1996). Since Inmate is imprisoned in Missouri and the detainers do not originate in Missouri, section 217.490 does not apply to him.

■ Inmate further argues that Prosecutor breached his plea agreement with Inmate. Inmate and Prosecutor entered into a plea agreement whereby Inmate pleaded guilty to three counts of aggravated robbery and Prosecutor agreed to, among other things, take no position on the court running the sentences concurrently or consecutively with the Missouri sentences. Inmate argues that by refusing to sentence him on the Kansas charges of which he was convicted, Prosecutor breached his plea agreement by precluding the Kansas sentences from being served concurrently with the Missouri sentences, since Inmate will finish serving the Missouri sentences before the Kansas court imposes its sentences.

Whether a Kansas prosecutor has breached a plea agreement concerning Kansas charges is presumably a matter for the Kansas courts. We observe, however, that according to the record Prosecutor did not promise that Inmate would serve his Kansas sentence concurrently with his Missouri sentence. Prosecutor merely promised to "take no position on the Court running the sentences concurrent[ly] or consecutive[ly] with the Missouri sentences...." Since there has been no sentence hearing, Prosecutor has not taken a position on the court running the sentences concurrently or consecutively, and therefore he has not breached the agreement.

■ In his second point, Inmate claims the trial court erred in finding the Uniform Mandatory Disposition of Detainers Act ("UMDDA") inapplicable in this case. The UMDDA is the intrastate equivalent of the IAD, and it is codified at section 217.450. Section 217.450.1 provides that "[a]ny person confined in a department correctional facility

may request a final disposition of any untried indictment, information or complaint *pending in this state* on the basis of which a detainer has been lodged against him while so imprisoned." (emphasis added). The UMDDA applies only to persons confined in a state correctional institution against whom charges are pending in this state. *Jordan v. State,* 841 S.W.2d 688, 689 (Mo.App.1992). Since the charges are pending in Kansas, and not in Missouri, the UMDDA does not apply.

In his third point, Inmate claims the trial court erred in ruling that Inmate waived his sixth amendment right to a speedy trial by pleading guilty. We disagree. The right to a speedy trial, as any other constitutional right, can be waived by an intentional relinquishment or abandonment. *State v. Hires,* 603 S.W.2d 100, 101 (Mo.App.1980). In *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972), the United States Supreme Court set out the factors to be considered in analyzing whether a defendant has been deprived of his right to a speedy trial: 1) length of the delay; 2) reason for the delay; 3) the defendant's assertion of his right; and 4) prejudice to the defendant. However, Inmate made no claim for a speedy trial until after conviction, so the postulates of *Barker v. Wingo* do not apply. *State v. Hires,* 603 S.W.2d at 101. As in *Hires,* "[t]his case deals with an accomplished waiver of a right no longer open to exercise," since Inmate has already pleaded guilty and been convicted. *Id.* at 102. Inmate's guilty plea waived his Sixth Amendment right to a speedy trial. *Guice v. State,* 755 S.W.2d 657, 658 (Mo.App.1988).

In his fourth point, Inmate claims the trial court erred in granting respondents summary judgment because respondents' actions violate the separation of powers, equal protection and due process clauses of the Missouri and United States Constitutions. Inmate did not raise before the trial court his claim that respondents are violating his rights to equal protection and due process. To preserve a constitutional question for review it must be raised in the trial court at the earliest opportunity. *Hatfield v. McCluney,* 893 S.W.2d 822, 829 (Mo.banc 1995). Accordingly, Inmate's equal protection and due process claims are not preserved for appellate review.

Inmate has not cited any authority holding that the refusal to extradite a person for sentencing violates the separation of powers clause of either the Missouri Constitution or the United States Constitution. Inmate argues that by refusing to extradite him to Kansas, Prosecutor is interfering with the Kansas judiciary's power to sentence him concurrently with the sentence he is serving in Missouri. We disagree. Even if Kansas does not sentence Inmate until after his release from the Missouri Department of Corrections, Inmate has not cited any authority that would prevent the Kansas court from crediting his time served in Missouri against his Kansas sentence if the court chose to do so.

In his final point, Inmate claims that the trial court erred in denying his claim for attorney's fees. This point is moot in view of our determination that Inmate's other points are without merit.

Judgment affirmed.

JAMES R. DOWD, P.J., and RICHARD B. TEITELMAN, J., Concur.