STATE of Iowa, Plaintiff–Appellee,

v.

Jerry Martin BATES, Defendant–
Appellant.

No. 03–1950.

Court of Appeals of Iowa.

July 28, 2004.

Jesse Macro, Jr., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Thomas Tauber, Assistant Attorney General, Martin Ramsey, County Attorney, for appellee.

Considered by SACKETT, C.J., and HUITINK and MILLER, JJ.

SACKETT, C.J.

Defendant-appellant Jerry Bates appeals the district court's denial of his motion to dismiss following his guilty plea to lascivious acts with a child in violation of Iowa Code section 709.8 (1999). On appeal defendant argues the district court was in error in denying his motion to dismiss due to the failure of the State of Iowa to comply with the provisions of the Interstate Agreement on Detainers, Iowa Code chapter 821. We affirm.

## I. BACKGROUND FACTS AND PROCEEDINGS

Defendant was charged in Madison County, Iowa on August 14, 2000 with second-degree sexual abuse. Pending trial on that charge, defendant was arrested in Missouri on an operating while intoxicated (OWI) charge. On July 16, 2001 defendant appeared in Iowa and pled guilty to an amended charge of lascivious acts with a child. Sentencing on this charge was set for September 24, 2001. Four days before

the scheduled Iowa sentencing, defendant pled guilty to the OWI charge in Missouri and was immediately sentenced to a four-year prison term. On September 28, 2001 defendant sent an "Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments[,] Informations or Complaints" to the Madison County Attorney. There was evidence that the State of Iowa initiated extradition proceedings, but that the State of Missouri determined defendant could only be delivered to Iowa for purposes of sentencing via an Executive Agreement rather than through the extradition process. On December 3, 2002 defendant sent Agreement on Detainers Forms II, III, and IV to the Polk County Courthouse requesting final disposition of, among other charges, his conviction for lascivious acts with a child.[1] The State contends there is no evidence these forms were delivered to the Madison County prosecutor.

On September 16, 2003 defendant moved to dismiss his conviction for lascivious acts with a child, claiming his speedy trial rights had been violated under the Interstate Agreement on Detainers, Iowa Code chapter 821, because the State had failed to bring him to Iowa for sentencing within 180 days of his September 28, 2001 and December 3, 2002 requests for final disposition.

## II. SCOPE OF REVIEW

We review the district court's denial of defendant's motion to dismiss for errors at law. *See State v. Widmer–Baum,* 653 N.W.2d 351, 354 (Iowa 2002).

## III. ANALYSIS

 The Interstate Agreement on Detainers is in chapter 821 of the Iowa Code. Iowa Code §§ 821.1–.8. It is an agreement that establishes uniform procedures between states, the District of Columbia, and the federal government for the orderly and cooperative disposition of criminal charges against a prisoner incarcerated in one jurisdiction and wanted by another jurisdiction that has lodged a detainer against the prisoner to respond to untried criminal charges in that jurisdiction. *Widmer–Baum,* 653 N.W.2d at 354. Article III of the Interstate Agreement on Detainers, section 821.1 of the Iowa Code, provides,

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any *untried indictment, information or complaint* on the basis of which a detainer has been lodged against the prisoner, the prisoner shall be brought to trial within one hundred eighty days after the prisoner shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of the prisoner's imprisonment and the prisoner's request for a final disposition to be made of the indictment, information, or complaint. . . . (Emphasis added).

Under the plain language of Article III, defendant does not fall within the protections of the Interstate Agreement on Detainers. Defendant, who pled guilty, had already been convicted of the crime at issue and was merely awaiting sentencing. As stated in Article I of section 821.1, the purpose of the Interstate Agreement on Detainers was to address the uncertainties stemming from "untried indictments, informations or complaints, and difficulties in securing speedy trial of persons already

---

**1.** The conviction for lascivious act with a child is listed only on Forms III and IV.

incarcerated in other jurisdictions...." Defendant was not facing any uncertainty with respect to the merits of the charge against him.

When faced with the question of whether the Interstate Agreement on Detainers applies when a defendant has been convicted of a crime in another jurisdiction but not yet sentenced, the majority of courts have concluded that it does not. *See Stephenson v. State,* 801 So.2d 34, 37–40 (Ala. Crim.Ct.App.2000); *State v. Burkett,* 179 Ariz. 109, 876 P.2d 1144, 1146–48 (Ariz.Ct. App.1993); *People v. Mahan,* 111 Cal. App.3d 28, 168 Cal.Rptr. 428, 431 (1980); *People v. Castoe,* 86 Cal.App.3d 484, 150 Cal.Rptr. 237, 238–40 (1978); *Moody v. Corsentino,* 843 P.2d 1355, 1358–59, 1367–72 (Colo.1993); *Bogue v. Fennelly,* 705 So.2d 575, 581 (Fla.Dist.Ct.App.1997); *Lancaster v. Stubblefield,* 985 S.W.2d 854, 856 (Mo.Ct.App.1998); *Prince v. State,* 118 Nev. 634, 55 P.3d 947, 950–51 (2002); *State v. Sparks,* 104 N.M. 62, 716 P.2d 253, 255 (N.M.Ct.App.1986), *cert. denied,* 103 N.M. 798, 715 P.2d 71 (1986); *People v. Randolph,* 85 Misc.2d 1022, 381 N.Y.S.2d 192, 193–94 (1976); *State v. Barnes,* 14 Ohio App.3d 351, 471 N.E.2d 514, 516 (Ohio Ct.App.1984); *State v. Leyva,* 906 P.2d 910, 911–12 (Utah Ct.App.1995); *State v. Barefield,* 110 Wash.2d 728, 756 P.2d 731, 732–34 (1988); *State v. Grzelak,* 215 Wis.2d 577, 573 N.W.2d 538, 539–41 (Wis. Ct.App.1997).[2]

Given the plain language of chapter 821 and the overwhelming authority above, we conclude the Interstate Agreement on Detainers does not apply for purposes of expediting sentencing.

**AFFIRMED.**

**2.** The minority view is articulated in *Tinghitella v. California,* 718 F.2d 308, 309–11 (9th Cir.1983).