JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Antawan Carter appeals his conviction for trafficking in cocaine. We affirm the judgment of the trial court.
On June 13, 2002, Carter pleaded guilty to trafficking in cocaine. At the time of the plea, Carter was on parole in Kentucky. The trial court reminded Carter that he had a potential parole violation pending in Kentucky, and that the trial court was inclined to impose a four-year sentence. Upon the agreement of the parties, the trial court continued the case and scheduled sentencing for July 17, 2002. Carter did not appear for sentencing, and a capias was issued for his arrest. In November 2002, the state lodged a detainer against Carter in Kentucky, where he had been imprisoned for violating his parole.
Carter filed a request for his return to Ohio pursuant to the Interstate Agreement on Detainer Act (IADA).[1] When he was not returned to Ohio within 180 days, Carter moved to have the Ohio charges against him dismissed. The trial court denied his request.
On September 9, 2004, having been released from a Kentucky prison, Carter appeared before the trial court for sentencing. The trial court imposed a four-year sentence.
In his first assignment of error, Carter now asserts that the trial court erred in not dismissing the Ohio charges because the state did not comply with the IADA. The IADA states that it applies to those cases in which "there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner."[2] In this case, because Carter had already pleaded guilty to trafficking and was only awaiting sentencing, the IADA did not apply.[3] The first assignment of error is not well taken.
The second assignment of error is that the trial court erred in imposing sentence because the sentencing hearing was unreasonably delayed. Carter argues that sentencing was unreasonably delayed because the trial court denied his counsel's request that sentence be imposed without Carter's presence. "[The right to be present at every stage of trial, including sentencing,] is so fundamental * * * that it cannot be removed except by a voluntary, intelligent and express waiver." The record contains no written waiver signed by Carter. Absent such a waiver from Carter himself, we conclude that he did not preserve the alleged error for our review. The second assignment of error is overruled.
Carter's final assignment of error is that the trial court erred in denying his request for a continuance. After he was released from the Kentucky prison, Carter appeared before the trial court for sentencing. His newly retained counsel requested a one-day continuance. The decision to grant or deny a motion for a continuance is within the discretion of the trial court.[4] Having reviewed the record, we conclude that the trial court did not abuse its discretion when it denied the motion. The third assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Hendon, JJ.
[1] R.C. 2963.30.
[2] Id.
[3] See State v. Brown, 152 Ohio App.3d 8, 2003-Ohio-1218,786 N.E.2d 492; State v. Barnes (1984), 14 Ohio App.3d 351,471 N.E.2d 514; State v. Johnson, 12th Dist. No. CA2002-07-016, 2003-Ohio-6261.
[4] State v. Broom (1988), 40 Ohio St.3d 277, 53 N.E.2d 682.