2015 UT App 150

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
ROBERT FRANK PELTON,
Defendant and Appellant.

Memorandum Decision
No. 20131100-CA
Filed June 11, 2015

Fifth District Court, St. George Department
The Honorable Eric A. Ludlow[1]
The Honorable James L. Shumate
No. 091502003

Scott N. Weight, Attorney for Appellant

Sean D. Reyes and Brett J. DelPorto, Attorneys
for Appellee

JUDGE KATE A. TOOMEY authored this Memorandum Decision, in
which JUDGES GREGORY K. ORME and MICHELE M. CHRISTIANSEN
concurred.

TOOMEY, Judge:

¶1     Robert Frank Pelton appeals his sentence after pleading
guilty to driving under the influence, a third-degree felony. He
argues that the two-and-one-half-year period between his guilty
plea and his sentencing violated his right to a speedy trial. He
also argues that the district court erred by failing to sentence him

---

1. Judge Eric A. Ludlow presided over Pelton's case until
sentencing, and Judge James L. Shumate sentenced him.

concurrently with a sentence he was already serving out of state. We affirm.

¶2     On September 19, 2009, Pelton was arrested for aggravated driving under the influence in Mohave County, Arizona (the Arizona DUI). Two months later, Pelton was arrested again for driving under the influence in Washington County, Utah (the Utah DUI).

¶3     Pelton pled guilty to the Utah DUI on November 9, 2010. As part of his plea agreement, Pelton acknowledged that if he was awaiting sentencing on another offense for which he was found guilty, this guilty plea could result in a consecutive sentence. Pelton further consented to a pre-sentence investigation with Adult Probation and Parole (AP&P), he waived the statutory forty-five-day sentencing deadline set out in rule 22(a) of the Utah Rules of Criminal Procedure so the investigation could take place, and the State recommended the minimum statutory sentence. The court scheduled Pelton's sentencing for February 1, 2011.

¶4     Shortly after he pled guilty in Utah, Pelton was convicted of the Arizona DUI, taken into custody, and sentenced to thirty months in prison. Consequently, Pelton was not present for his sentencing in Utah, and the court issued a $25,000 cash-only warrant to help ensure Pelton would be brought back to Utah for sentencing once he had finished his Arizona sentence.

¶5     After several months of incarceration in Arizona, Pelton wrote a letter, filed September 6, 2011 with the Utah Fifth Judicial District Court, requesting "to be sent to the state of Utah" for sentencing or in the alternative, to be sentenced in absentia "to a concurrent Jail term to be served along with his [Arizona] prison sentence." But Pelton's letter did not mention his right to a speedy trial. The judge denied his request with a handwritten note that said, "Once he has finished his sentence in AZ—he will be brought back to Utah for sentencing."

¶6      In early 2013, Pelton addressed a letter to the Utah court in which he explicitly raised his right to a speedy trial and again requested to be sentenced in absentia and to have his Utah sentence run concurrently with his Arizona sentence. The judge also denied this request.

¶7      On March 25, 2013, Pelton was released from prison in Arizona on parole, and Arizona officials transferred his parole to Utah. One month later Pelton violated the terms of his parole by drinking alcohol. AP&P updated Pelton's pre-sentence investigation addendum report to reflect the violation and to indicate that Pelton presented a high risk to reoffend, had ten prior DUIs, had a history of alcohol abuse, and continued to use alcohol during his parole term. AP&P then recommended that the court sentence Pelton to a zero-to-five year prison term. On June 11, 2013, approximately two-and-one-half years after he pled guilty to the Utah DUI, the court sentenced Pelton to an indeterminate term not to exceed five years. Pelton appeals.

¶8      Pelton contends, "The sentencing court committed plain error by failing to comply with its legal duty to provide [him] with a speedy trial pursuant to [his] rights under both the United States and Utah Constitutions." In particular, Pelton argues the court violated his right to a speedy trial by not "retriev[ing] him from the state of Arizona" for sentencing because he "lost his right to have all or a part of his sentence run concurrently with the sentence he was serving in Arizona." Moreover, Pelton argues the court's error entitles him to dismissal of the charges against him. We are not persuaded.

¶9      "Whether a defendant's right to a speedy trial has been violated presents a question of law, which we review for correctness." *State v. Steele*, 2010 UT App 185, ¶ 14, 236 P.3d 161. But, "[b]ecause trial courts are afforded wide latitude in sentencing, a court's sentencing decision is reviewed for an abuse of discretion." *State v. Epling*, 2011 UT App 229, ¶ 8, 262 P.3d 440 (citations and internal quotation marks omitted). "A court abuses its discretion in imposing consecutive sentences

only if no reasonable person would take the view taken by the sentencing court." *Id.* (citation and internal quotation marks omitted).

¶10 The standard for evaluating whether a defendant's right to a speedy trial, including a prompt sentencing, was violated under the Utah Constitution is the same as the federal standard articulated in *Barker v. Wingo*, 407 U.S. 514 (1972). *See State v. Trafny*, 799 P.2d 704, 708 (Utah 1990); *State v. Banks*, 720 P.2d 1380, 1385 (Utah 1986). In *Barker*, the Supreme Court articulated four factors to consider when evaluating whether a defendant's speedy trial right has been violated: the court must consider the "length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." 407 U.S. at 530. These factors, along with other circumstances that may be relevant, must be balanced to determine whether a violation has occurred. *Id.* at 533.

¶11 A two-and-one-half-year period between conviction and sentencing is presumptively prejudicial which weighs in favor of Pelton's claim. *Compare Trafny*, 799 P.2d at 706 (concluding that a forty-two-day delay in sentencing is not presumptively prejudicial), *with Banks*, 720 P.2d at 1385–86 (determining that there is "no question" that an eighteen-month delay "raised legitimate questions" regarding the right to a speedy disposition of a case). But the reason for delay factor weighs heavily against Pelton because he largely caused the delay in sentencing. In *State v. Leyva* this court analyzed the *Barker* factors and discerned no violation of the right to a speedy trial when a defendant's sentencing was continued five times over the course of four years because the delay was caused by the defendant's own actions, not the State's. 906 P.2d 910, 911–13 (Utah Ct. App. 1995) (per curiam). Although the delay in sentencing was lengthy, the delay in Leyva's sentencing was caused by his failure to meet with AP&P, his failure to appear at sentencing, and his incarceration in another state. *Id.* at 912. Accordingly, because Leyva caused the circumstances that led to the delay in sentencing, the court weighed this factor against him. *Id.*

¶12 Similar to *Leyva*, the delay in sentencing in this case was caused by Pelton's failure to appear at sentencing and his incarceration in Arizona. Pelton asserts "the delay [was] the result of failure of the trial court to sentence [him], rather than [his] lack of cooperation" because he explicitly requested to be sentenced and the court refused to "bring [Pelton] back for sentencing and should have done so." Although Pelton knew of the pending trial in Arizona, he did not assert his right to a speedy trial at any time before the scheduled February 2011 sentencing hearing. Instead, Pelton voluntarily waived his forty-five-day sentencing deadline. He then spent nearly eight months in prison before asking the Utah court to sentence him in absentia. Pelton only explicitly asserted his right to speedy trial after he spent more than two years incarcerated in Arizona. The State of Utah did not cause Pelton to miss his sentencing date or cause his incarceration in Arizona. Pelton "cannot absent himself and prevent the imposition of sentence until after that time has expired, and then take advantage of his own wrong" by insisting the court violated his speedy trial right. *Cf. State v. Saxton*, 519 P.2d 1340, 1342 (Utah 1974) (holding that a defendant cannot take advantage of his own failure to appear for sentencing). Accordingly, in considering these factors, the delay in sentencing is outweighed by the reason for the delay.

¶13 Pelton asserts that the district court's refusal to sentence him when he requested it prejudiced him by "preclud[ing him] from the opportunity to serve concurrent sentences" and caused him to serve more jail time than necessary.[2] Specifically, he argues that "[had] the trial court sentenced [him,] he may have been allowed to serve concurrent sentences" because "the factors outlined in [Utah Code] section 76-3-401, all support[ed]

---

2. Pelton also asserts that after he sent the September 2011 letter, "the court had the duty to retrieve him from the state of Arizona" to sentence him. But he has not carried his burden of persuasion on appeal; he offers no analysis or legal authority to support this argument. *See* Utah R. App. P. 24(a)(9).

concurrent sentences." In *Barker*, the Supreme Court identified three purposes for a speedy trial that a court should consider in determining whether a delay caused prejudice to the defendant: speedy trials help (1) to prevent oppressive pretrial incarceration, (2) to minimize anxiety and concern of the accused, and (3) to limit the possibility that the defense will be impaired. 407 U.S. at 532. Beyond the assertion that consecutive sentencing "disrupted his life and interfered with his liberty," Pelton has not presented any arguments on these points. Instead, he argues the court failed to consider all the relevant factors for determining whether offenses are to run concurrently or consecutively. *See* Utah Code Ann. § 76-3-401(2) (LexisNexis 2012). But, again, Pelton fails to present any analysis to demonstrate how the legally relevant factors would support concurrent sentencing. The record indicates that Pelton has at least ten prior DUIs, has a history of alcohol abuse, and continues to use alcohol despite reportedly attending several substance-abuse treatment programs. Furthermore, in the plea affidavit, Pelton acknowledged the possibility of the court imposing his Utah DUI sentence consecutively to any other offenses for which he was awaiting sentencing. Thus, in light of the record, we are not persuaded that the district court's decision to postpone sentencing prejudiced Pelton.

¶14 In sum, the two-and-one-half-year period between Pelton's guilty plea and sentencing did not violate his right to a speedy trial. Although he asserted his right to a speedy trial and the length of delay weighed against the State, those factors are heavily outweighed by the reason for delay and lack of prejudice. Moreover, Pelton has not persuaded us that the district court erred in waiting to sentence him. We therefore affirm.

———————