574 F.2d 968
 Jerry Wayne RHODES, Appellant,
v.
Kenneth SCHOEN, Individually and as Commissioner of
Corrections for the State of Minnesota and George
Crust, Individually and as Records
Officer of the Minnesota State
Prison, Appellees.
 No. 77-1809.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 24, 1978.
Decided April 27, 1978.
 
 Jerry Wayne Rhodes, pro se.
 Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., and Gary Hansen, Sp. Asst. Atty. Gen., St. Paul, Minn., on brief, for appellees.
 Before LAY, BRIGHT and ROSS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jerry Wayne Rhodes brought a civil rights action under 42 U.S.C. § 1983 against Minnesota state prison officials. The defendants moved for summary judgment conceding the following facts. While incarcerated in the Minnesota state prison at Stillwater, Rhodes was notified that a detainer had been lodged against him by Pennsylvania authorities. He requested final disposition of the detainer pursuant to the Interstate Agreement on Detainers,[1] by submitting the appropriate forms to the warden at Stillwater on June 13, 1974. The request was not forwarded to Pennsylvania authorities until August 12, 1974, approximately 61 days later, despite Rhodes' repeated oral requests to the warden and his written request to the commissioner of corrections for Minnesota.
 
 
 2
 Rhodes claims that the delay in forwarding his request violated Article III(b) of the Interstate Agreement on Detainers.[2] That provision requires that the warden promptly forward a prisoner's request for final disposition of a detainer to the prosecuting officials of the state which requested the detainer. Rhodes claims the defendants violated his rights to due process of law and equal protection of the laws by their failure to comply with the requirement of prompt forwarding. He requested declaratory relief, punitive damages, and damages to compensate for violation of his constitutional rights, mental anguish, emotional distress, incarceration in Pennsylvania, and restriction of his opportunities to participate in prison rehabilitation, parole, and furlough programs.
 
 
 3
 Although Rhodes had not specifically alleged a deprivation of his sixth amendment right to a speedy trial, the district court held that he had not been denied that right. It then treated his claim based on the alleged violation of the Interstate Agreement on Detainers as a pendent state claim and dismissed it without prejudice.
 
 
 4
 On appeal Rhodes argues that the final disposition on the detainer within the statutory 180 days does not absolve the Minnesota officials of their conduct in failing to promptly forward his request. He contends that their failure obstructed his treatment and rehabilitation, and caused him great emotional distress.
 
 
 5
 We affirm the district court opinion on the grounds that the undisputed facts do not demonstrate a violation of a right secured by the United States Constitution and laws, for which redress is provided under § 1983.
 
 
 6
 The basic purpose of the Interstate Agreement on Detainers is to ensure prompt disposition of outstanding charges in order to implement a prisoner's right to a speedy trial and to prevent interference with his participation in treatment and rehabilitation programs. United States ex rel. Esola v. Groomes, 520 F.2d 830, 833-34 (3d Cir. 1975). Rhodes does not dispute the fact that he was tried in Pennsylvania within 180 days of delivery of his request to the Minnesota warden. Thus, even if the Minnesota authorities were not as expeditious as they might have been, Rhodes received the right that the Agreement in general, and the prompt processing provision in particular, were meant to secure a speedy trial on the outstanding charges.
 
 
 7
 Rhodes argues that the delay in processing his request caused him to suffer longer from the adverse consequences (deprivation of rehabilitation programs, work release and furloughs) of having an outstanding detainer lodged against him then if the request had been promptly processed. This contention is insufficient to invoke due process. Not every state action carrying adverse consequences activates a due process right. Moody v. Daggett, 429 U.S. 78, 88 n.9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). See also Reddin v. Israel, 561 F.2d 715 (7th Cir. 1977); and Hicks v. United States Board of Paroles and Pardons, 550 F.2d 401, 404 (8th Cir. 1977).
 
 
 8
 Finally, Rhodes was not denied his constitutional rights to substantive due process and equal protection. Because he received prompt disposition of the outstanding detainer, the Minnesota prison authorities' failure to promptly forward his request does not rise to the level of a violation of substantive due process. Cf. Wallace v. Hewitt, 428 F.Supp. 39 (M.D.Pa.1976) (failure to notify a prisoner of a detainer does not state a due process claim when a prompt trial was held). Furthermore, the facts alleged are not sufficient to state a claim of denial of equal protection.
 
 
 9
 We conclude, therefore, that the defendants were entitled to judgment in their favor as a matter of law.
 
 
 10
 The judgment is affirmed.
 
 
 
 [1]
 The Interstate Agreement on Detainers, 18 U.S.C. App. § 2, was enacted into law in Minnesota and is found at Minn.Stat.Ann. § 629.294
 
 
 [2]
 Article III of the Minnesota enactment of the Agreement provides in part:
 a Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state; and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint; * * *
 (b) The written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the warden, commissioner of corrections, or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested.
 Minn.Stat.Ann. § 629.294.