STATE of Minnesota, Appellant,

v.

Emmett Theodore FULLER, Respondent.

No. C2–96–2248.

Court of Appeals of Minnesota.

Feb. 25, 1997.

Review Denied April 24, 1997.

Hubert H. Humphrey, III, Attorney General, St. Paul, for appellant.

Michael J. Thompson, Meeker County Attorney, Rick F. Lanners, Assistant County Attorney, Litchfield, for appellant.

Bradley A. Kluver, Schaps & Kluver, P.A., Litchfield, for respondent.

Considered and decided by PARKER, P.J., and HUSPENI and SCHUMACHER, JJ.

**OPINION**

PARKER, Judge.

The district court dismissed all charges against respondent Emmett T. Fuller because Meeker County, Minnesota, returned him to his incarceration at Dodge Correctional Institution in Waupan, Wisconsin, before he stood trial in Meeker County and, in doing so, violated the Interstate Agreement on Detainers Act (IAD). The State of Minnesota appeals, arguing that the IAD was not violated because Fuller personally requested to be returned to his prior detention facility for

treatment of a serious medical condition. We reverse and remand for trial.

## FACTS

Fuller was charged in January 1992 in Meeker County, Minnesota, with first- and second-degree burglary. Subsequently, he was charged in February 1992 in Meeker County with offering a forged check. A jury trial was scheduled for June 22, 1993, on the burglary charges, but he failed to appear. A warrant was issued, and Fuller was later found serving a sentence at the Dodge Correctional Institution in Waupan, Wisconsin.

In July 1996, Fuller requested final disposition of the pending charges against him in Meeker County. He was transported from Dodge Correctional Institution to Meeker County on September 4, 1996.

On September 5, 1996, Fuller entered a plea of not guilty on the forged check charge and requested a jury trial; he also continued his request for a jury trial on his 1992 burglary charges. At this hearing, Fuller told the court that he had prostate cancer and had been seeing a doctor in Wisconsin. He stated that his first choice would be to continue seeing his Wisconsin physician but, if this were not possible, that the district court allow him to contact a doctor and arrange an appointment to be examined. The judge suggested that Fuller provide medical records for verification purposes. Fuller then stated:

> Your Honor, I have so much medical records. Eight days ago I woke up with blood all over my underwear. I was down to the hospital. They [set] me up to see a specialist from Madison yesterday at 10:30. I let them know when they came that I was to see a specialist in a couple hours, but they wouldn't let me see him. I have been in constant pain the last few days * * *, so waiting on more medical records, it's just a waste of time. A doctor appointment could probably put me on some medication or something here.

On September 7, 1996, Fuller was returned, without a court order, to the Dodge Correctional Institution in Wisconsin, pending his return for trial in Minnesota.

On October 11, 1996, Fuller moved for dismissal of all charges based on a violation of the IAD. He argued that the state had violated the IAD by returning him to prison in Wisconsin prior to his trial in Minnesota. The district court dismissed Fuller's charges with prejudice, concluding that (1) the record failed to show any statement by Fuller requesting a return to Wisconsin for medical reasons; and (2) no evidence existed that Fuller could not have received the necessary medical assistance in Minnesota.

## ISSUE

Did the district court err by dismissing all complaints against Fuller for a violation of the IAD where Fuller was returned to custody in Wisconsin for medical reasons and at his own request?

## DISCUSSION

A reviewing court is not bound by and need not give deference to a district court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm.*, 358 N.W.2d 639, 642 (Minn. 1984). The construction of a statute is a question of law and therefore fully reviewable by an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

The state argues the district court erred in dismissing all charges against Fuller based on a violation of the "anti-shuttling" provision of the IAD. It asserts a medical condition existed that constituted an exception to the dismissal requirement of the "anti-shuttling" provision. The state also argues that Fuller waived his rights under the IAD because he asked to be returned to Wisconsin for treatment of his bleeding prostate cancer condition.

The State of Minnesota is a party to the IAD by virtue of Minn.Stat. § 629.294 (1994). This act provides a mechanism by which a prosecutor in one jurisdiction may secure the presence of a prisoner serving a sentence in another jurisdiction. Minn.Stat. § 629.294, subd. 1, art. IV(a). The purpose of this agreement is to provide cooperative procedures between jurisdictions to ensure

prompt disposition of outstanding charges, implement prisoners' rights to a speedy trial, and prevent interference with prisoners' participation in treatment and rehabilitation programs. *Id.; see Rhodes v. Schoen,* 574 F.2d 968, 969 (8th Cir.), *cert. denied,* 439 U.S. 868, 99 S.Ct. 195, 58 L.Ed.2d 178 (1978).

Once the receiving state commences criminal proceedings through this act, the agreement affords the prisoner certain protections. Article IV(c) provides that the prisoner's trial in the receiving state must be commenced within 120 days of his arrival there. Minn. Stat. § 629.294, subd. 1, art. IV(c). Article III(d) contains an "anti-shuttling" provision that states:

> If trial is not had on any indictment, information, or complaint contemplated hereby prior to the return of the prisoner to the original place of imprisonment, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

*Id.* Articles IV(e) and V(c) contain similar provisions requiring dismissal of untried charges. *Id.*

We have recognized that certain circumstances may exist where the extreme remedy of dismissal should not be imposed for a mere technical violation of the IAD. In *State v. Lewis,* 422 N.W.2d 768 (Minn.App.1988), a defendant was returned to the Federal Medical Center in Rochester, after trial and within three days of leaving the facility, because of his need to receive medical treatment for post-traumatic stress disorder and chemical dependency. *Id.* at 769. Upon return to the Federal Medical Center, the defendant moved to dismiss the complaint on grounds that his return to prison following the trial but before sentencing violated the IAD. *Id.* This court affirmed, noting that the court's return of the prisoner to federal custody pending sentencing effectuated the purpose of the IAD and was not an abuse which the agreement was designed to prevent. *Id.* at 772. This court held:

> [T]he [IAD] agreement should not be mechanically applied without an examination of the circumstances of the case in light of the purposes of the agreement. It is ano-

malous to apply the law so literally that its application subverts its very purpose. If the circumstances show that the technical application of the agreement does not serve one of the protective functions, it should not be applied.

*Id.* at 771.

■ In the present case, it is apparent from the record that Fuller sought a return to Wisconsin because of his bleeding prostate condition. In so doing, we hold him to have waived his right to seek dismissal under the IAD when his requested transfer was granted. Such a waiver can be implied from the record, as Fuller clearly stated his choice would be to continue seeing his regular doctor in Wisconsin. He also noted that he had been in "constant pain" and that waiting for his medical records to be forwarded to Minnesota would be a "waste of time." After Fuller was given a transfer on compassionate grounds, he then sought and was granted a dismissal based on a violation of the "anti-shuttling" provision of the IAD. To allow Fuller to seek a transfer on grounds of a medical emergency and then successfully petition the district court to dismiss the charges against him due to a technical violation of the IAD would allow manipulative abuse of the system.

It is important to remember that the purpose of the IAD is to provide a cooperative procedure between jurisdictions to ensure prompt disposition of outstanding charges while preventing interference with a defendant's participation in treatment and rehabilitation programs. *See* Minn.Stat. § 629.294, subd. 1, art. I. The underlying policies of the IAD were served by Fuller's return to Wisconsin. His return to Wisconsin furthered the purpose of allowing him to receive treatment from his regular doctor for his prostate cancer condition.

### DECISION

The district court erred in dismissing all charges against Fuller based on the "anti-shuttling" provision of the IAD. The IAD was not violated because Fuller asked to be transferred back to Wisconsin due to a seri-

ous medical condition. We reverse and remand this matter for trial.

**Reversed and remanded.**