# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2998

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Neldon Neal, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 13, 2009
Filed: May 11, 2009

_____

Before SMITH, GRUENDER and BENTON, Circuit Judges.

_____

PER CURIAM.

Neldon Neal conditionally pled guilty to possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), reserving the right to appeal the district court's[1] denial of his motion to dismiss the indictment under the Interstate Agreement on Detainers Act ("IADA").[2] Neal appeals, arguing that the district court erred in denying his motion to dismiss. For the reasons discussed below, we affirm.

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

[2]18 U.S.C. app. 2, § 2.

## I.  BACKGROUND

On March 14, 2007, a felony complaint was filed against Neldon Neal in the Circuit Court of Texas County, Missouri, charging him with murder for the shooting death of Judy Lewis on March 13, 2007.  Missouri law enforcement officers arrested Neal on May 12, 2007.  At the time of his arrest, Neal, who was on parole for a prior felony conviction for second degree robbery, possessed a .22 caliber revolver.

Neal was arraigned in a Texas County court on May 13, 2007.  On May 14, 2007, Neal's parole was revoked, and he was transported to a correctional facility in Fulton, Missouri, to serve a fifteen-year sentence.  Neal was transported to the Texas County court at least three times for pre-trial matters, including a hearing on his counsel status, a hearing on his motion for a change of venue, and the setting of his trial date.

On June 21, 2007, a federal grand jury returned an indictment against Neal charging him with being a felon in possession of a firearm on March 13, 2007, and May 12, 2007.  The United States Marshal for the Western District of Missouri lodged a detainer with the Missouri Department of Corrections on July 3, 2007.  As provided by the IADA, Neal executed the detainer form and demanded a speedy trial.  After the United States Attorney's Office in Springfield received the detainer paperwork sometime after July 30, 2007, an Assistant United States Attorney ("AUSA") contacted the Texas County Prosecutor to inquire about Neal's availability to face the pending federal charges.  The Texas County Prosecutor stated that he expected the Texas County court to set a trial date for Neal's murder charge on October 2, 2007, and that he had no objection to the Government taking custody of Neal between October 2 and the start of the trial, so long as the AUSA believed he could dispose of Neal's federal charges within that time frame.  On October 2, 2007, the Texas County court scheduled Neal's murder trial for September 29, 2008.

On November 20, 2007, the Government filed and the district court granted a writ of habeas corpus ad prosequendum. Neal first appeared in federal court before a magistrate judge[3] on December 12, 2007. Shortly before his federal trial was set to begin on February 20, 2008, Neal filed a motion to dismiss the indictment, claiming that the Government violated the IADA by not trying him within 180 days after he demanded a speedy trial. After adopting the magistrate judge's report and recommendation, the district court denied the motion on April 30, 2008, holding that Neal was "legally unavailable to face the federal charges until the issue of the trial setting in his state case had been disposed of, at the request of the Texas County Prosecutor." Therefore, the court found that the 180-day time period was tolled until October 2, 2007, so the Government had until March 30, 2008, to bring Neal to trial.

On May 9, 2008, Neal entered a conditional guilty plea to the federal charges. The district court sentenced him to 200 months' imprisonment. Neal appeals the district court's denial of his motion to dismiss.

## II.    DISCUSSION

We review de novo a district court's denial of a motion to dismiss an indictment under the IADA. *United States v. Pardue*, 363 F.3d 695, 698 (8th Cir. 2004). The IADA provides that

> [w]henever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have

---

[3]The Honorable James C. England, Chief Magistrate Judge, United States District Court for the Western District of Missouri.

caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction . . . his request for a final disposition to be made of the indictment, information, or complaint.

18 U.S.C. app. 2, § 2, art. III(a).[4] "In determining the duration and expiration dates of the [180-day] time period[] . . . the running of said time period[] shall be tolled whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter." 18 U.S.C. app. 2, § 2, art. VI(a).

The 180-day time period commences when "the prisoner's request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer of the jurisdiction that lodged the detainer against him." *Fex v. Michigan*, 507 U.S. 43, 52 (1993). In this case, although the exact date when the court and the United States Attorney's Office received Neal's detainer form is uncertain, the parties agree that it was sometime in early August 2007. If the 180-day time period started to run in early August 2007, it would have expired in early February 2008—before the scheduled start of Neal's federal trial. Thus, unless the 180-day period was tolled because Neal was unable to stand trial on the federal charges, the Government will have violated the IADA by not bringing Neal to trial by early February 2008.

In *Young v. Mabry*, 596 F.2d 339 (8th Cir. 1979) (per curiam), we rejected a state prisoner's habeas corpus claim alleging an IADA violation, holding that Young was unable to stand trial on Arkansas state charges during the period in which he was in federal custody to stand trial on federal charges in Arkansas, *id*. at 343-44. The court noted that "it is not by any means clear that from a practical standpoint petitioner would have been either legally or administratively available for trial in the state court

---

[4]Forty-eight states as well as the United States are parties to the IADA. *United States v. Daily*, 488 F.3d 796, 797 n.4 (8th Cir. 2007), *cert. denied*, 552 U.S. ---, 128 S. Ct. 1326 (2008).

during the" disputed 33-day period. *Id.* at 343. Therefore, the court construed "unable to stand trial" to include the time during which the prisoner was involved in court proceedings in other jurisdictions. *Id.* Similarly, we conclude that Neal was unable to stand trial in federal court until October 2, 2007, because he was legally unavailable due to his state court proceedings. *See United States v. Sawyers*, 963 F.2d 157, 162 (8th Cir. 1992) (tolling the 180-day period for a state prisoner's federal trial while his pretrial motions were pending); *United States v. Roy*, 830 F.2d 628, 635 (7th Cir. 1987) (adopting the approach taken in *Young* for determining when the 180-day time period is tolled); *cf. United States v. Collins*, 90 F.3d 1420, 1427 (9th Cir. 1996) (applying the provisions of the Speedy Trial Act to determine when a petitioner is "unable to stand trial" under the IADA and tolling the clock for "any delay resulting from any proceeding including other trials" (internal quotation omitted)).

The application of *Young*'s holding in this case fulfills the objectives of the IADA, which are "to ensure prompt disposition of outstanding charges in order to implement a prisoner's right to a speedy trial and to prevent interference with his participation in treatment and rehabilitation programs," *Rhodes v. Schoen*, 574 F.2d 968, 969 (8th Cir. 1978) (per curiam), and "to provide cooperative procedures among member States to facilitate such [expeditious] disposition," *United States v. Mauro*, 436 U.S. 340, 351 (1978). *Cf. Fex*, 507 U.S. at 55 (Blackmun, J., dissenting) (noting that in the Supreme Court's decisions construing the IADA, the Court "properly has relied upon and emphasized the purpose of the [IADA]"). Neal appeared in state court for various proceedings at least three times prior to the setting of his state trial date on October 2, 2007. If the Government had taken custody of Neal before his state pre-trial matters had been settled, it is likely that Neal's state trial would have been delayed. By cooperating with the state prosecutor, the Government was able to resolve Neal's federal charges without disrupting Neal's state trial.

Thus, we agree with the district court that the 180-day time period is properly tolled until October 2, 2007, because Neal was unable to stand trial in federal court

until that date as a result of his state court proceedings. Consequently, the Government brought Neal to trial within the 180-day period and did not violate the IADA.

## III. CONCLUSION

For the foregoing reasons, we affirm.

_____