**STATE of Minnesota, Respondent,**

v.

**Michael Gilbert BROWN, Appellant.**

**No. A12–1276.**

Court of Appeals of Minnesota.

Aug. 12, 2013.

Lori Swanson, Attorney General, John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender, Sara J. Euteneuer, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by KALITOWSKI, Presiding Judge; JOHNSON, Chief Judge; and TOUSSAINT, Judge.*

## OPINION

JOHNSON, Chief Judge.

Under the Uniform Mandatory Disposition of Detainers Act (UMDDA), if a detainer is placed on a person who is incarcerated, the person may request that pending charges be brought to trial within six months, and the district court must dismiss the complaint with prejudice if that request is not timely honored. In this case, Michael Gilbert Brown seeks to invoke this provision of the UMDDA to dismiss a charge to which he pleaded guilty

and for which he failed to appear for sentencing before he was imprisoned for a different offense. We conclude that Brown is not entitled to dismissal based on a delay in sentencing because the UMDDA requires dismissal of a complaint only if a defendant is not brought to trial for a determination of guilt or innocence within six months. Therefore, we affirm.

## FACTS

In March 2010, the state charged Brown in Ramsey County with one count of third-degree criminal sexual conduct based on an incident that allegedly occurred in May 2009. In June 2010, on the day trial was scheduled to begin, Brown pleaded guilty pursuant to a plea agreement that called for a downward durational departure from the presumptive guidelines sentence. A sentencing hearing was scheduled for August 2010, but Brown failed to appear.

In December 2010, the state charged Brown in Hennepin County with one count of felony simple robbery. In January 2011, he pleaded guilty, and the district court sentenced him to 38 months of imprisonment.

In February 2011, while Brown was imprisoned for the Hennepin County offense, the department of corrections provided him with a memorandum stating that Ramsey County had requested a formal detainer with respect to the charge of third-degree criminal sexual conduct. The memorandum stated, "Because this detainer is a trial charge, meaning that you have been through the court process, you are ineligible to request Mandatory Disposition." In March 2011, Brown sent a letter to the Ramsey County District Court in which he requested that the court execute his bargained-for sentence and order the

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

sentence to run concurrently with the sentence that he was serving on the Hennepin County charge. The district court acknowledged Brown's letter and forwarded it to Brown's attorney.

The record is silent for the next 10 months. In January 2012, the department provided Brown with a document entitled "Notice of Untried Indictment, Information or Complaint and of Right to Request Disposition." This document described (inaccurately, it turns out) the Ramsey County charge of third-degree criminal sexual conduct as an "untried" complaint. The document also stated (again, inaccurately) that Brown had a right to request a final disposition and be brought to trial within 180 days. Brown did not sign the form.

In early April 2012, Brown submitted a *pro se* motion to dismiss the Ramsey County charge on the ground that the prosecutor and the district court had failed to comply with the UMDDA by not timely honoring his March 2011 request for a determination of his sentence. In late April 2012, the case proceeded to a sentencing hearing. The district court denied Brown's *pro se* motion to dismiss and sentenced him to 120 months of imprisonment, the presumptive guidelines sentence. Brown appeals.

### ISSUE

If a prisoner requests a sentencing hearing in a pending case in which he has been found guilty, but the sentencing hearing does not occur within six months of the request, does the UMDDA require the dismissal of the complaint?

### ANALYSIS

Brown argues that the district court erred by denying his *pro se* motion to dismiss the Ramsey County complaint. He contends that he is entitled to dismissal

of the complaint pursuant to section 629.292 of the Minnesota Statutes.

▪ Minnesota is among the states that have enacted both the UMDDA, Minn. Stat. § 629.292 (2012), and the Interstate Agreement on Detainers (IAD), Minn.Stat. § 629.294 (2012). *See* George L. Blum, Annotation, *Construction and Application of Article IV of Interstate Agreement on Detainers (IAD): Issues Related to "Speedy Trial" Requirement, and Construction of Essential Terms*, 51 A.L.R. 6th 1, § 2 (2010); Fern L. Kletter, Annotation, *Construction and Application of Uniform Mandatory Disposition of Detainers Act*, 37 A.L.R. 6th 357, § 2 (2008). The purpose of the UMDDA is to "establish a prisoner's right to a speedy disposition of untried charges." *State v. Miller*, 525 N.W.2d 576, 583 (Minn.App.1994). "The UMDDA is designed to provide a speedy trial for prisoners who·face additional criminal charges," thereby "address[ing] the concerns of prisoners who, because of pending charges, are unable to participate in work programs and other rehabilitative prison services." *State v. Vonbehren*, 777 N.W.2d 48, 50–51 (Minn.App.2010) (quotation omitted), *review denied* (Minn. Mar. 16, 2010). Similarly, the IAD confers a corresponding right on persons who are imprisoned in one state but face an untried charge in another state. *See* Minn.Stat. § 629.294, subd. 1, art. III(a). The United States Supreme Court has explained the need for the IAD as follows:

Adoption of the [IAD] was motivated in part by a practice of filing detainers based on untried criminal charges that had little basis. These detainers often would be withdrawn shortly before the prisoner was released. Even though unsubstantiated, the detainers would have a detrimental effect on the prisoner's treatment. Article III [of the IAD] enables a prisoner to require the State

lodging the detainer either to drop the charge and resulting detainer or to bring the prisoner to trial. In this way, the prisoner can clear his record of detainers based on unsubstantiated charges.

*Carchman v. Nash,* 473 U.S. 716, 729–30, 105 S.Ct. 3401, 3408–09, 87 L.Ed.2d 516 (1985) (footnotes omitted); *see also State v. Wilson,* 632 N.W.2d 225, 230 (Minn. 2001) (stating that supreme court refers to IAD when interpreting UMDDA).

The provisions of the UMDDA that are central to this appeal are found in section 629.292 of the Minnesota Statutes: "Any person who is imprisoned in a penal or correctional institution or other facility in the Department of Corrections of this state may request final disposition of any untried indictment or complaint pending against the person in this state." Minn. Stat. § 629.292, subd. 1(a).

The commissioner of corrections or other official designated by the commissioner having custody of prisoners shall promptly inform each prisoner in writing of the source and nature of any untried indictment or complaint against the prisoner of which the commissioner of corrections or such official had knowledge or notice and of the prisoner's right to make a request for final disposition thereof.

*Id.,* subd. 1(b).

Within six months after the receipt of the request and certificate by the court and prosecuting attorney, or within such additional time as the court for good cause shown in open court may grant, the prisoner or counsel being present, *the indictment or information shall be brought to trial;* but the parties may stipulate for a continuance or a continuance may be granted on notice to the attorney of record and opportunity for the attorney to be heard. If, after such

a request, *the indictment or information is not brought to trial* within that period, no court of this state shall any longer have jurisdiction thereof, nor shall *the untried indictment or information* be of any further force or effect, and the court shall dismiss it with prejudice.

*Id.,* subd. 3 (emphases added); *see also* Minn.Stat. § 629.294, subd. 1, art. IV(c), (e) (requiring trial within 120 days after arrival from state of imprisonment and providing for dismissal if no trial is held before return to state of imprisonment).

In denying Brown's *pro se* motion to dismiss, the district court concluded that there was no violation of Brown's rights under the UMDDA. The district court reasoned that Brown's sentencing hearing was scheduled in a timely manner.

Brown contends that the district court erred because the detainer was "untried," as that term is used in the statute, on the ground that a sentencing hearing is part of a criminal trial. Brown also contends that he was entitled to a sentencing hearing within six months of his March 2011 request. Brown further contends that the charge must be dismissed because he was not sentenced by September 2011.

Brown's argument requires us to engage in statutory interpretation. "The objective of all statutory interpretation is 'to give effect to the intention of the legislature in drafting the statute.'" *State v. Thompson,* 754 N.W.2d 352, 355 (Minn.2008) (quoting *State v. Iverson,* 664 N.W.2d 346, 350 (Minn.2003)). "The principal method of determining the legislature's intent is to rely on the plain meaning of the statute." *Id.* To identify the plain meaning of a particular word used in a statute, it is appropriate to refer first to the common usage of the word. *See Gassler v. State,* 787 N.W.2d 575, 586 n. 11 (Minn.2010).

"We are to read and construe a statute as a whole and must interpret each section in light of the surrounding sections to avoid conflicting interpretations." *American Family Ins. Grp. v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000). We apply a *de novo* standard of review to matters of statutory interpretation. *State v. Mauer,* 741 N.W.2d 107, 111 (Minn.2007).

▬ Brown's interpretation of the word "untried" ignores other language in section 629.292 that makes clear that the dismissal remedy in subdivision 3 does not apply to a case in which guilt has been determined but sentencing has not yet occurred. The first sentence of subdivision 3 provides that an untried complaint "shall be brought to trial" within six months of a request for a final disposition. Minn.Stat. § 629.292, subd. 3. The second sentence of the same subdivision provides that an untried complaint shall be dismissed if the case "is not brought to trial within that [six-month] period." *Id.* The phrase "brought to trial" plainly refers to the guilt phase of a criminal case, which is commonly referred to as "trial." *See Gassler,* 787 N.W.2d at 586 n. 11 (interpreting statute based on common usage of words). The UMDDA does not prescribe a deadline for a sentencing hearing or for a "final disposition," which is the language used to describe a prisoner's right to request that the prosecutor and district court move forward on pending charges. *See* Minn.Stat. § 629.292, subd. 1(a). Thus, the text of section 629.292 reveals that the legislature intended to require the dismissal of a criminal case only if a defendant's guilt or innocence is not determined in a trial within six months of a request for a final disposition. The text of section 629.292 does not indicate that the legislature intended to require the dismissal of a criminal case if a defendant was adjudicated guilty but not sentenced within six months of a request for final disposition.

This interpretation of the phrase "brought to trial" in the UMDDA is consistent with two other sources of guidance. First, our interpretation of the UMDDA in this case is consistent with our caselaw interpreting the IAD. In *State v. Lewis,* 422 N.W.2d 768 (Minn.App.1988), we held that the term "trial," as used in the IAD, does not include a sentencing hearing. *Id.* at 771. The defendant in *Lewis* was transferred from federal custody to state custody for a one-day trial, and he was returned to federal custody without being sentenced by the state court. *Id.* at 769. Lewis contended that the charges should be dismissed pursuant to articles III(d), IV(e), and V(c) of the IAD, which require the dismissal of a charge if no "trial" is held before a prisoner's return to his place of imprisonment. *Id.* at 769–71. We rejected Lewis's argument, reasoning in part that "the term 'trial' in the IAD does not include sentencing." *Id.* at 771. The *Lewis* opinion is significant because the Minnesota courts generally refer to the IAD when interpreting the UMDDA. *See Wilson,* 632 N.W.2d at 230.

Second, our interpretation of the UMDDA in this case is consistent with the opinions of other state appellate courts, which uniformly have held that a delay in sentencing after a detainer and a request for a final disposition is not a basis for dismissing a criminal case pursuant to the UMDDA or the IAD. *See Stephenson v. State,* 801 So.2d 34, 40 (Ala.Crim.App. 2000); *State v. Burkett,* 179 Ariz. 109, 876 P.2d 1144, 1148 (Ariz.Ct.App.1993); *Moody v. Corsentino,* 843 P.2d 1355, 1369–72 (Colo.1993); *Bogue v. Fennelly,* 705 So.2d 575, 581 (Fla.Dist.Ct.App.1997); *State v. Bates,* 689 N.W.2d 479, 481 (Iowa Ct.App.2004); *Lancaster v. Stubblefield,* 985 S.W.2d 854, 857 (Mo.Ct.App.1998); *State v. Hill,* 875 S.W.2d 278, 283 (Tenn. Crim.App.1993); *but see Tinghitella v. California,* 718 F.2d 308, 311 (9th Cir. 1983); *Hall v. Florida,* 678 F.Supp. 858,

862 (M.D.Fla.1987). These state-court opinions are significant because the legislature has directed that the UMDDA "shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact it." Minn.Stat. § 629.292, subd. 6; *see also Wilson,* 632 N.W.2d at 230.

Brown's argument for interpreting the term "trial" to include a sentencing hearing is based primarily on caselaw interpreting the Sixth Amendment to the United States Constitution. Brown cites *Pollard v. United States,* 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957), in which the United States Supreme Court "assume[d] *arguendo* that sentence is part of the trial for purposes of the Sixth Amendment." *Id.* at 361, 77 S.Ct. at 486. Brown also cites *State v. Cross,* 771 N.W.2d 879 (Minn.App.2009), in which this court "assume[d] without deciding that the Sixth Amendment right to a public trial applies at a sentencing hearing." *Id.* at 881 (citing *Pollard,* 352 U.S. at 361, 77 S.Ct. at 486). Both the *Pollard* and *Cross* opinions concern a defendant's federal constitutional right to "a speedy and public trial." U.S. Const. amend. VI. As an initial matter, Brown's reliance on *Pollard* and *Cross* is unhelpful because neither opinion actually holds that the "speedy and public trial" clause of the Sixth Amendment applies to a sentencing hearing. Furthermore, the purposes of the procedural guarantees in the Sixth Amendment are more likely to justify an expansive interpretation of the word "trial" in those contexts. But the purposes of the UMDDA and the IAD are different and narrower. The UMDDA and the IAD are intended to address the "practice of filing detainers based on untried criminal charges that had little basis," which often "would be withdrawn shortly before the prisoner was released." *Carchman,* 473 U.S. at 729–30, 105 S.Ct. at 3408–09. But, as another state court has explained,

"There is ... less reason to be concerned with detainers ... where a defendant has already pled guilty and awaits sentencing [because, by] pleading guilty, the defendant has already admitted the truth of the charges and may not relitigate the factual issue of guilt." *Bogue,* 705 So.2d at 580. Thus, Brown's reliance on *Pollard* and *Cross* does not overcome the reasons for interpreting the UMDDA to require dismissal only if the adjudication of guilt or innocence is delayed, but not if sentencing is delayed after a finding of guilt.

In this case, Brown pleaded guilty to the Ramsey County charge. The district court promptly scheduled a sentencing hearing. Brown failed to appear for the sentencing hearing. In his March 2011 letter to the district court, Brown explained that he traveled to Chicago to help his child and the child's mother obtain housing. Brown's failure to appear for a sentencing hearing in August 2010 is the genesis of the 20–month delay in the imposition of his sentence on the Ramsey County charge. But we need not consider the reasons for his failure to appear in August 2010 or the reasons for the additional delay after the district court referred Brown's March 2011 letter to Brown's attorney. *See Wilson,* 632 N.W.2d at 230 (noting that six-month period may be tolled if defendant caused delay). The reasons for those delays are irrelevant in this case because the UMDDA does not provide for the dismissal of a complaint based on a delay in sentencing.

## DECISION

The district court did not err by denying Brown's *pro se* motion to dismiss.

**Affirmed.**