# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A16-0788

State of Minnesota,
Respondent,

vs.

Joel Patrick Rodriguez,
Appellant.

**Filed January 9, 2017**
**Reversed and remanded**
**Hooten, Judge**

Clay County District Court
File No. 14-CR-15-2253

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Brian J. Melton, Clay County Attorney, Moorhead, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Erik Irving Withall, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Larkin, Presiding Judge; Hooten, Judge; and Klaphake, Judge.[*]

## S Y L L A B U S

A criminal defendant has a constitutional right to be present at a restitution hearing because such hearing is a critical stage of the sentencing process.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**O P I N I O N**

**HOOTEN**, Judge

Appellant challenges the district court's imposition of restitution, arguing that he had the right to be present at the contested restitution hearing and that the district court violated this right by determining that his attorney's failure to arrange his appearance constituted a waiver. Because the district court erred in finding that appellant waived his right to be present and the state has not proven that the error was harmless, we reverse and remand for further proceedings.

**FACTS**

On June 25, 2015, appellant Joel Patrick Rodriguez fled from police while driving a motor vehicle in Clay County, Minnesota. In an effort to stop Rodriguez's vehicle, a law enforcement officer conducted a precision immobilization technique (PIT) maneuver in which his squad car made contact with Rodriguez's vehicle. The maneuver caused Rodriguez's vehicle to spin, enabling law enforcement to stop the vehicle. Rodriguez was subsequently detained and arrested. The Clay County Sheriff's Office claims that in performing the PIT maneuver, the officer's squad car was damaged.

Rodriguez pleaded guilty to fleeing a peace officer in a motor vehicle, and the district court sentenced him to 22 months in prison. The district court also ordered him to pay restitution in the amount of $908.99 to the Clay County Sheriff's Office for the cost of repairs made to the damaged squad car. Rodriguez moved for a contested restitution hearing, alleging that the Clay County Sheriff's Office does not qualify as a "victim" as

defined in Minn. Stat. § 611A.01(b) (2014). The district court set a hearing for January 15, 2016, and provided notice of the hearing to Rodriguez's attorney.

At the January 15 hearing, Rodriguez did not appear, and the state requested that the district court proceed with the hearing despite his absence. Rodriguez's attorney, who was present at the hearing, argued that the district court should not continue with the hearing because Rodriguez was incarcerated and counsel had no way to secure Rodriguez's presence. The district court determined that Rodriguez had waived his appearance and moved forward with the hearing. The district court reasoned that Rodriguez, through his attorney, had ample notice of the hearing and could have either arranged to appear or requested a continuance. The state called the officer who conducted the PIT maneuver as its only witness. The officer testified about the incident and the damage to the squad car. Rodriguez's attorney did not provide any evidence but stated that he was unsure what evidence, if any, Rodriguez would have wanted to present.

The district court issued an order requiring Rodriguez to pay $908.00 in restitution to the Clay County Sheriff's Office. The district court reiterated its conclusion that Rodriguez waived his right to be present because Rodriguez had 45 days' notice of the hearing but failed to make arrangements to appear in person or by telephone. This appeal followed.

## ISSUES

I.    Did Rodriguez have a constitutional right to be present at the restitution hearing?

II.    Did the district court commit reversible error by determining that Rodriguez waived his appearance and by proceeding with the restitution hearing in his absence?

3

**ANALYSIS**

Rodriguez argues that the district court deprived him of his constitutional right to be present at a restitution hearing by determining that he had waived his appearance and by holding the hearing despite his absence. The district court has discretion to award restitution, and we will not reverse unless the district court abuses that discretion. *State v. Andersen*, 871 N.W.2d 910, 913 (Minn. 2015). While we review the district court's factual findings for clear error, questions concerning the district court's authority to order restitution are questions of law, which we review de novo. *Id.*

**I.**

This court recently held that a criminal defendant is guaranteed the constitutional right to counsel at a restitution hearing because a restitution hearing constitutes a critical stage in a criminal proceeding in which the defendant and the state may engage in a trial-like confrontation. *State v. Maddox*, 825 N.W.2d 140, 146 (Minn. App. 2013). As a matter of first impression, we must decide whether a criminal defendant also has a constitutional right to be present at a restitution hearing.

"The Confrontation Clause of the Sixth Amendment to the United States Constitution, which is applicable to the states through the Fourteenth Amendment, guarantees criminal defendants a right to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings." *State v. Worthy*, 583 N.W.2d 270, 277 (Minn. 1998) (quoting *Faretta v. California*, 422 U.S. 806, 819 n.15, 95 S. Ct. 2525, 2533 n.15 (1975)). The right to be present is also protected under the Due Process Clause,

4

even in some circumstances in which the defendant is not actually confronting the evidence being presented against him. *State v. Cassidy*, 567 N.W.2d 707, 709 (Minn. 1997).

"A defendant in a criminal proceeding has a Fourteenth Amendment due process right to be present at all critical stages of trial." *State v. Martin*, 723 N.W.2d 613, 619 (Minn. 2006) (quotation omitted). "Critical stages" are proceedings between a defendant and the state that amount to trial-like confrontations and may result in the defendant losing certain legal rights if he does not exercise them. *Maddox*, 825 N.W.2d at 144. Minn. R. Crim. P. 26.03, subd. 1(1)(h), provides an even broader right to be present than the United States Constitution because it requires a defendant's presence at *every* stage of the trial, including the sentencing stage. *Ford v. State*, 690 N.W.2d 706, 712 (Minn. 2005). A criminal defendant's obligation to pay court-ordered restitution is considered part of the defendant's sentence. *State v. Borg*, 834 N.W.2d 194, 197 (Minn. 2013).

Minnesota courts have not directly addressed the issue of whether a criminal defendant has a constitutional right to be present at a restitution hearing. But the analyses in *Maddox* and *Martin* provide guidance on how we should decide this question. Here, Rodriguez moved for a restitution hearing, contesting the district court's order at the sentencing hearing requiring him to pay restitution. A contested restitution hearing constitutes a trial-like confrontation because the district court must weigh and balance evidence in deciding whether and what amount a defendant must pay restitution to a victim. *See* Minn. Stat. § 611A.045, subd. 3 (2014); *see also State v. O'Brien*, 459 N.W.2d 131, 133 (Minn. App. 1990). And in this case, the state presented testimonial evidence after the district court decided to proceed with the hearing despite Rodriguez's absence. Because

5

*Martin* establishes that a criminal defendant has the right to be present at all critical stages of a criminal proceeding and *Maddox* identifies a restitution hearing as a critical stage of a criminal proceeding, we hold that Rodriguez had a constitutional right to be present at the restitution hearing in order to confront the evidence being presented against him.

**II.**

As with other constitutional rights, the right to be present may be waived by a defendant. *State v. Finnegan*, 784 N.W.2d 243, 247 (Minn. 2010). "A waiver is an intentional relinquishment of a known right or privilege . . . ." *Cassidy*, 567 N.W.2d at 709 (quotation omitted). A defendant may expressly waive the right to be present or the district court may imply waiver from the defendant's conduct, such as his absence from a hearing without explanation. *Id.*; *Finnegan*, 784 N.W.2d at 247. But in deciding whether a defendant has waived a constitutional right, the district court "must indulge every reasonable presumption against the loss of constitutional rights." *Cassidy*, 567 N.W.2d at 709 (quoting *Illinois v. Allen*, 397 U.S. 337, 343, 90 S. Ct. 1057, 1060 (1970)).

Minn. R. Crim. P. 26.03, subd. 1(2)(1), permits a trial to proceed without a defendant's presence, after the trial has already commenced, if the district court determines that his absence is without justification. A defendant must satisfy a heavy burden in showing that his absence was involuntary because the judicial process, which relies on the coordination of attorneys, witnesses, and court personnel, could not function properly if a defendant could simply pick and choose when to appear in court. *Finnegan*, 784 N.W.2d at 247–48. Here, the record indicates that Rodriguez did not appear at the restitution

hearing because he was in prison serving his sentence for the underlying offense. For this reason, Rodriguez had ample justification for not being present at the hearing.

The parties disagree about who was responsible for securing Rodriguez's appearance for the restitution hearing. Rodriguez asserts that the state could have petitioned for, or the district court could have issued, a transport writ to bring Rodriguez to the hearing.[1] *See generally* Minn. Stat. §§ 589.01–.35 (2014) (providing for issuance of writ of habeas corpus upon application and order to sheriff requiring transportation of prisoner for appearance before district court). The state, however, argues that Rodriguez voluntarily waived this right because his own attorney chose not to secure his appearance at the hearing through the writ process. At the hearing before the district court, Rodriguez's attorney also asserted that because the Uniform Mandatory Disposition of Detainers Act (UMDDA), Minn. Stat. § 629.292 (2014), does not specifically address restitution hearings, he had no mechanism by which he could secure Rodriguez's presence.[2]

---

[1] At the restitution hearing, the state admitted that it was unaware of Rodriguez's current location but expected that he was "somewhere in prison." Nonetheless, the state asserted that it was up to Rodriguez's attorney to arrange his presence. Generally, it is the defense attorney's burden to ensure that arrangements are made to transport a defendant in custody to a court proceeding. *See generally* Minn. Stat. §§ 589.01–.02.

[2] Under the UMDDA, a person imprisoned on a charge may request that any other pending charge be brought to trial within six months, and if that request for a trial and his presence at trial is not timely honored, the district court must dismiss the complaint with prejudice. Minn. Stat. § 629.292, subd. 1-3; *State v. Brown*, 835 N.W.2d 24, 25 (Minn. App. 2013), *review denied* (Minn. Oct. 15, 2013). While Rodriguez's attorney is correct that that the UMDDA does not specifically address the proper process for securing a defendant's presence for a restitution hearing, Rodriguez had other options available to him. For example, he could have requested the prosecutor to obtain a transport writ from the district court, or he could have notified the district court of his difficulty in obtaining Rodriguez's presence for the hearing and asked for a continuance.

But, regardless of whether the state failed to petition for a transport writ or whether a defendant's attorney went through the proper channels to obtain his presence for the hearing, a defendant must personally decide to waive his right to be present. *State v. Charles*, 634 N.W.2d 425, 432 (Minn. App. 2001). A defendant's waiver of his right to be present at a hearing is not a decision that is left up to his attorney. *Id.*

In this case, the district court moved forward with the hearing, stating:

> The [c]ourt is of the opinion that Mr. Rodriguez, through his attorney at least, had ample notice of this hearing and could have appeared or made arrangements to appear if he wished to do so. And . . . by not appearing or asking for a continuance in order to arrange for an appearance . . . I believe he has waived that. So we will go ahead.

In its subsequent order, the district court restated that Rodriguez waived his right to be present because Rodriguez and his attorney had notice of the restitution hearing 45 days prior to the hearing, yet neither made any arrangements for Rodriguez to appear in person or by telephone.

However, the district court "cannot presume" a defendant's waiver of his right to be present from a record that does not clearly articulate that his absence was a product of his voluntary choice. *See Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712 (1969); *see also Charles*, 634 N.W.2d at 433 ("The district court must ensure that the defendant's waiver of the right to be present was made voluntarily after consultation with counsel and a record of the waiver must be made."). Here, it is not entirely clear from the record whether Rodriguez had received notice of the hearing or was actually aware of its date and time. There is no indication in the record that Rodriguez was able to personally consult

with his attorney or was given the opportunity to instruct his attorney to seek a transport writ or to request a continuance. *See Brown v. State*, 682 N.W.2d 162, 166–67 (Minn. 2004) (deciding that record lacked any indication that defendant personally waived right to be present or consented to waiver by his attorney). Rodriguez's own motion documents state that he "does not have ready access to his attorney." Because the district court did not adequately ensure that Rodriguez's waiver to be present at the hearing was voluntary, we conclude that the district court erred in determining that Rodriguez waived this right.

Even if the district court wrongfully denied Rodriguez the right to be present at his restitution hearing, a new restitution hearing is warranted only if the district court's error was not harmless.[3] *See State v. Sessions*, 621 N.W.2d 751, 756–57 (Minn. 2001) (holding that district court erred in communicating with jury outside of open court, without defendant's presence, and without making contemporaneous record of communications, but that error was harmless). The error in this case would be considered harmless beyond

---

[3] While Rodriguez primarily argues on appeal that a harmless error standard applies, he implies in his appellate briefs that the denial of his right to be present at his restitution hearing was a structural error, and, for the first time during oral argument, maintained that such error requires automatic reversal. Rodriguez is correct that, because a structural error brings into question the very accuracy and reliability of the trial process, automatic reversal is appropriate. *State v. Chavez-Nelson*, 882 N.W.2d 579, 587 (Minn. 2016). But, Rodriguez does not cite to any authority that would support his claim that the denial of his constitutional right to appear at a restitution hearing was a structural error warranting automatic reversal. Because Rodriguez failed to adequately raise this issue in his briefs, and because we address and resolve his harmless error argument, which was raised in his briefs, in his favor, we decline to address the question of whether the deprivation of his right to appear at his restitution hearing was a structural error meriting automatic reversal. *See State v. Hurd*, 763 N.W.2d 17, 32 (Minn. 2009) (declining to reach issue in absence of adequate briefing); *see State v. Ouellette*, 740 N.W.2d 355, 361 (Minn. App. 2006) (holding that assignment of error in brief based on "mere assertion and not supported by argument or authority is waived").

a reasonable doubt if the district court's decision to order Rodriguez to pay restitution was surely unattributable to the error. *See id.* at 756. If the district court commits an error by proceeding without the defendant's presence, this court conducts a harmless error analysis by examining the record for the strength of the evidence and considering what the defendant would have contributed to his defense if he had been present. *State v. Breux*, 620 N.W.2d 326, 332–33 (Minn. App. 2001).

The state bears the burden of showing that the error was harmless beyond a reasonable doubt. *State v. Shoen*, 598 N.W.2d 370, 377 (Minn. 1999). Here, the state failed to address the harmless error argument in its appellate brief. During oral argument, the state maintained that this court could nevertheless conclude that any error was harmless because Rodriguez had submitted an affidavit in conjunction with his objection to the restitution order. Rodriguez's affidavit, consisting of four conclusory statements outlining his objection, does not provide any indication that he intended the affidavit to serve as his testimony at the hearing in lieu of his presence. Moreover, the state cites to no authority that would allow a district court to proceed to a contested restitution hearing without the defendant's presence, or waiver of his right to be present, on the basis that the defendant had submitted an affidavit objecting to restitution. Due to the state's failure to brief this issue and its vague assertion at oral argument regarding Rodriguez's affidavit, we believe that the state essentially concedes that the error was not harmless beyond a reasonable doubt. *See State v. Porte*, 832 N.W.2d 303, 312–13 (Minn. App. 2013) (holding that if the state does not make harmless error argument, this court is not required to undergo harmless error analysis but may do so under certain circumstances). Regardless of whether the

10

state's actions amount to a concession, we nonetheless conclude that the state failed to meet its burden of showing harmless error.

At the restitution hearing, the state presented evidence indicating that the Clay County Sheriff's Office was entitled to restitution as a result of Rodriguez's actions. The evidentiary portion of the hearing included testimony from the officer who conducted the PIT maneuver to stop Rodriguez's flight from law enforcement. The officer testified about the details of the incident, described the nature and extent of the damages to the squad car, and provided foundation to admit the Clay County Sheriff's Office's affidavit, which described the amount of restitution requested. After the state rested, Rodriguez's attorney stated that he had no evidence to offer but admitted he was unsure whether Rodriguez would have wanted to offer any evidence.

On appeal, Rodriguez asserts that he could have contributed to the hearing by assisting in his attorney's cross-examination of the officer or by providing his own testimony. Although Rodriguez's objection to restitution was based primarily on a legal issue, i.e., whether the Clay County Sheriff's Office could constitute a victim under the restitution statute, the hearing itself contained an evidentiary component as to the nature and extent of the damages sustained. The officer testified that the PIT maneuver caused damage to the front spoiler bumper of his squad car.

Based on the record before us, we cannot adequately ascertain whether Rodriguez's presence would have meaningfully contributed to the hearing. *See Kentucky v. Stincer*, 482 U.S. 730, 745, 107 S. Ct. 2658, 2667 (1987) (stating that an individual has the "right to be present in his own person whenever his presence has a relation, reasonably

11

substantial, to the fullness of his opportunity to defend against the charge" (quotation omitted)). Although Rodriguez was present when the squad car was damaged, he was not given an opportunity to dispute the officer's testimony regarding the incident and was not able to offer any testimony of his knowledge as to the nature and extent of the damage sustained. Therefore, based upon this record and the state's failure to brief the harmless error issue, we conclude that the state cannot meet its burden that the error was harmless beyond a reasonable doubt.

## DECISION

We conclude that the district court erred in finding that Rodriguez waived his constitutional right to be present at the restitution hearing, and because the state failed to show that the error was harmless beyond a reasonable doubt, we reverse and remand the case for further proceedings consistent with this opinion.

**Reversed and remanded.**